IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-18 |
| | ) | |
| MAJER HAFIZ | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's objections to the presentence report [doc. 47]. The government has responded [doc. 48] and the objections are ripe for the court's consideration. This memorandum will address only the defendant's objection related to his sentence for the convictions under 18 U.S.C. § 924(c) (counts two and five). The remaining objections will be addressed at the time of sentencing.

Defendant Hafiz went to trial, and he was convicted of all five counts of the superseding indictment. Count one charged a conspiracy to distribute and to possess with the intent to distribute cocaine hydrochloride from March 2004 to February 11, 2005. Count two charged that on various dates between March 2004 and February 11, 2005, the defendant "did knowingly possess a firearm in

furtherance of a drug trafficking crime, as set out in Count One of this Indictment" in violation of 18 U.S.C. § 924(c). Counts three and four were substantive drug counts related to the cocaine distributed and possessed by the defendant at the time of his arrest on February 11, 2005, and count five charged that on February 11, 2005, the defendant "did knowingly possess a firearm in furtherance of a drug trafficking crime, as set forth in Count Four of this Indictment, that is, a .45 caliber Taurus semi-automatic pistol" in violation of section 18 U.S.C. § 924(c).

The defendant argues that double jeopardy principles prevent successive § 924(c) convictions where the same predicate act forms the basis of the two counts. He contends that there was no proof of separate and distinct drug trafficking offenses in this case; that the "drug trafficking [was] part of an ongoing and essentially simultaneous action by the defendant." The government points out that a drug conspiracy and its target crimes are separate offenses and argues that each of these predicate offenses could support a separate § 924(c) conviction. The government further submits that each of the § 924(c) convictions was tied to a different specific drug trafficking offense, and the proof at trial was that the defendant possessed more firearms than the Taurus pistol named in count five.

Section 924(c)(1) provides in relevant part as follows:

(A) . . .[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United

> States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> . . . .
>
> (C) In the case of a second or subsequent conviction under this subsection, the person shall –
>
> > (i) be sentenced to a term of imprisonment of not less than 25 years.

The statute further provides that any sentence of imprisonment imposed under this section must run consecutively to any other term of imprisonment. 18 U.S.C. § 924(c)(1)(D)(ii). Thus, in this case, as proposed by the probation office and the government, defendant Hafiz should be sentenced to a term of imprisonment for drug trafficking (counts one, three and four) and consecutive sentences of five years (count two) and twenty-five years (count five) for the § 924(c) convictions. The court finds, however, that under the particular facts of this case and for a slightly different reason than argued by the defendant, the twenty-five year consecutive sentence for a second § 924(c) conviction would be improper.

The government is correct in its assertion that a substantive offense (overt act) and a conspiracy to commit the substantive offense are not the same offense for double jeopardy purposes and they can be charged as separate counts in an indictment. *See United States v. Felix*, 503 U.S. 378, 389, 112 S.

3

Ct. 1377, 1384, 118 L.Ed.2d 25 (1992). In this case, there is no question that count four with its accompanying § 924(c) count is an overt act of the conspiracy charged in count one. Nevertheless, the defendant could be properly convicted of both counts one and four without evoking double jeopardy concerns.

The problem in this case is the language of count two. It does not specify any particular firearm that the defendant possessed in furtherance of the conspiracy. Without the specification of a firearm or firearms in count two, the jury could have convicted the defendant of count two for the same criminal conduct charged in count five. The court finds that there is a genuine risk that jurors could have concluded that the defendant's possession of the Taurus pistol at the time of his arrest for drug trafficking was sufficient to convict the defendant of count two since it was part of the same conspiracy.

The court finds that it need not decide the defendant's argument; that is, whether a conspiracy to traffic in drugs and an overt act of drug trafficking that is part of the conspiracy can each support a separate, consecutive sentence enhancement under § 924(c). The problem here is the way the government worded count two of the indictment. The jury was left with the option to convict the defendant of count two on the identical facts required for count five. Thus, double jeopardy principles prohibit this court from imposing multiple punishments for the same conduct. *See United States v. Graham*, 275 F.3d 490, 519 (6th Cir. 2001).

4


Case 3:05-cr-00018-RLJ-CCS   Document 55   Filed 02/07/06   Page 4 of 5   PageID #: 5

Therefore, the court finds that only one enhancement for a violation of § 924(c) is proper under the circumstances of this case. It is hereby **ORDERED** that the defendant's objection to a sentence enhancement for the second § 924(c) conviction is **GRANTED**.

ENTER:

*s/ Leon Jordan*
United States District Judge