UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:05-CR-018 |
| | ) | |
| MAJER HAFIZ | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's motion for sentence reduction. [Doc. 87]. Through counsel, the defendant asks the court to reduce his sentence by 30 months pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded [doc. 88], ultimately deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. The defendant has replied to that filing. [Doc. 89].

**I.      Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2015). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2015). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of

2

imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1]  In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B).  A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

By judgment dated May 30, 2006, this court sentenced the defendant to a 151-month term of imprisonment as to Counts One, Three, and Four (cocaine offenses) and a 60-month mandatory consecutive term of imprisonment as to Counts Two and Five (possession of a firearm in furtherance of a drug trafficking crime), for a net sentence of 211 months.  The defendant's guideline range for the cocaine offenses was 151 to 188 months, based on a total offense level of 34 and a criminal history category of I.

On March 5, 2011, the defendant escaped from Bureau of Prisons' custody.  He was soon captured and pled guilty to that crime in the United States District Court for the Eastern District of Kentucky.  He was sentenced to an 18-month term of imprisonment to be served consecutive to his existing sentence.  According to the Bureau of Prisons, the defendant is presently scheduled for release on September 27, 2021.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B).  The government did not file a substantial assistance motion as to the present defendant.

**III. Analysis**

Applying Amendment 782, the defendant's new guideline range for Counts One, Three, and Four is 121 to 151 months, based on a total offense level of 32 and a criminal history category of I. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii).

The escape from Bureau of Prisons' custody is an obvious concern. The parties agree, however, that the defendant has not otherwise incurred any disciplinary sanctions during his almost 10 years of post-trial incarceration. The defendant has a consistent institutional work history and has taken a substantial number of educational courses while incarcerated. Most notably, he has completed more than 950 hours of training in the fields of computers, bookkeeping, commercial driving, and automotive repair. Also noteworthy are the letters and photographs appended to his motion, evidencing a strong network of family support.

Having considered all of the pertinent 3553(a) and 1B1.10 factors, the court concludes that the requested 30-month sentence reduction should be granted. Again, the

4

escape conviction is a serious matter.  However, in the court's view, that crime has been sufficiently addressed by the 18-month sentence imposed in the Kentucky case. Particularly in light of the defendant's significant rehabilitative accomplishments while incarcerated, this court will not deny the present motion in whole or in part based solely on the escape conviction.

**IV.     Conclusion**

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 87] is **GRANTED**.  The defendant's term of imprisonment is reduced to 121 months as to Counts One, Three, and Four.  The 60-month term as to Count Two and Five remains in effect.  These terms shall be served consecutively for a reduced net sentence of **181 months**.  This sentence shall continue to be served consecutively to the 18-month sentence imposed in Case Number 6:11-CR-27-ART-01 in the United States District Court for the Eastern District of Kentucky.

Except as provided above, all provisions of this court's judgment dated May 30, 2006, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge